IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MICHAEL REITZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:23-cv-959 (RDA/LRV) |
| | ) |
| CVY OF ALEXANDRIA, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant General Motors, LLC's ("Defendant GM") Motion to Dismiss for Failure to State a Claim (Dkt. 4). This Court has dispensed with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter has been fully briefed and is now ripe for disposition. Considering Defendant GM's Motion (Dkt. 4) together with its Memorandum in Support (Dkt. 5), Plaintiff Michael Reitz's ("Plaintiff") Opposition (Dkt. 19), and Defendant GM's Reply (Dkt. 22), this Court GRANTS the Motion to Dismiss for the following reasons.

## I.   BACKGROUND

### A.   Factual Background[1]

In the instant civil action, Plaintiff alleges two counts against Defendant GM arising out of an alleged negligent repair of Plaintiff's vehicle: (1) violation of the Virginia Consumer Protection Act ("VCPA") (Count II); and (2) violation of the Magnuson-Moss Warranty Act (Count III).[2]

Plaintiff alleges that he purchased a defective 2021 Chevrolet Corvette (the "Vehicle") from Bomnin Chevrolet Manassas in Manassas, Virginia. Dkt. 1 ¶ 16. Plaintiff alleges that on or around August 2021, he experienced a transmission issue and brought the Vehicle to Defendant CVY of Alexandria, LLC ("Defendant Dealer") who then repaired the transmission. *Id.* ¶ 17. According to Plaintiff, the Vehicle was repaired on October 15, 2021. *Id.* ¶ 21. Plaintiff claims that the Vehicle had another problem and was towed to Defendant Dealer on or around July 16, 2022. *Id.* ¶ 32. Plaintiff received an invoice for this repair and alleges that Defendant Dealer told him that repairs would be covered by the New Vehicle Limited Warranty ("Warranty"). *Id.* ¶ 37. Plaintiff then claims that Defendant Dealer informed him that it needed to contact the manufacturer of the Vehicle, GM, regarding the repairs. *Id.* ¶ 34. Specifically, Plaintiff alleges that Defendant Dealer "was communicating with a GM representative to determine whether the damage caused to the Vehicle's subframe was covered under the Warranty." *Id.* Plaintiff alleges that Defendant Dealer then performed a second repair on the Vehicle. *Id.* ¶ 36. Plaintiff also asserts that, pending the repair of the Vehicle, Defendant Dealer and Plaintiff communicated regarding Warranty coverage. *Id.* ¶¶ 37; 41-44; 47-48.

---

[1] For purposes of considering the instant Motion to Dismiss, the Court accepts all facts contained within the Complaint as true, as it must at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[2] Count I of Plaintiff's Complaint alleges a claim for Breach of Contract solely against Defendants CVY of Alexandria, LLC and Geneva Enterprises, LLC.

Plaintiff next alleges that Defendant Dealer informed Plaintiff that it had completed repair to the left rear axle, but that GM had denied Warranty coverage as to the subframe. *Id.* ¶ 41. Plaintiff received a second invoice that stated that repair of the left rear shaft of the Vehicle would be paid for "internally." *Id.* ¶ 47. Plaintiff claimed that the Warranty denial was in error, as repair of the left rear shaft should have been covered under the Warranty. *Id.* Defendant Dealer sent an Amended Invoice reflecting that the repair was covered under the Warranty and explaining that there was a typographical error in the initial invoice. *Id.* ¶ 51. Plaintiff further alleges that the Amended Invoice was not only amended to fix the error but also to make "it appear as if repairs were initiated on the Vehicle on July 16, 2022." *Id.* ¶ 62.

Ultimately, Plaintiff alleges that his transmission was negligently repaired, which caused the damage to his subframe that was then denied coverage under the Warranty. Plaintiff also alleges that, had his subframe not been damaged, the Vehicle would have been worth $98,080.00. *Id.* ¶ 62. Plaintiff claims that, in relying on Defendant GM's misrepresentations regarding the Warranty, he suffered an economic loss. As a result, Plaintiff asks for compensatory damages and attorney's fees and costs. *Id.* at 20.

B. Procedural Background

On July 20, 2023, Plaintiff filed his Complaint with this Court. Dkt. 1. On August 14, 2023, Defendant GM filed a Motion to Dismiss, Dkt. 4, along with its Memorandum in Support, Dkt. 5. Plaintiff filed its Opposition to Defendant GM's Motion to Dismiss on September 6, 2023, Dkt. 19, and Defendant filed its Reply on September 12, 2023, Dkt. 22.[3]

---

[3] Defendants CVY of Alexandria, LLC and Geneva Enterprises, LLC also filed a Motion to Dismiss on August 31, 2023. The Court will address that motion in a separate order.

3

## II.  STANDARD OF REVIEW

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  When reviewing a motion brought under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor.  *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted).  "[T]he court 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)).  Furthermore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  Generally, courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion.  *See Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

In addition to this general pleading standard, "fraud-based claims must satisfy [Federal Rule of Civil Procedure] 9(b)'s heightened pleading standard." *United States ex rel. Grant v. United Airlines, Inc.*, 912 F.3d 190, 196 (4th Cir. 2018) (citing *United States ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 455-56 (4th Cir. 2013)).  "Rule 9(b) requires that 'a party must state with particularity the circumstances constituting fraud or mistake.'" *Id*. (quoting Fed. R. Civ. P. 9(b)).  And "lack of compliance with Rule 9(b)'s pleading requirements is treated

as a failure to state a claim under Rule 12(b)(6)." *Harrison v. Westinghouse Savanna River Co.*, 176 F.3d 776, 783 n.5 (4th Cir. 1999).

### III.  ANALYSIS

Defendant GM moves to dismiss Count II of Plaintiff's Complaint, arguing that Plaintiff has not met the heightened pleading standard as required to allege a claim under the VCPA.  First, Defendant GM contends that Plaintiff does not allege that GM made any misrepresentations directly to Plaintiff.  Dkt. 5 at 3.  Second, Defendant GM asserts that Plaintiff has not identified an agency relationship such that statements made by Defendant Dealer are attributable to it.  Dkt. 22 at 1.  Plaintiff responds that he has alleged sufficient facts to show an agency relationship between Defendant Dealer and Defendant GM such that statements made by Dealer are attributable to GM for purposes of liability under the VCPA.  Dkt. 19 at 3-7.  Finally, Defendant GM argues that there is no agency relationship between GM and Defendant Dealer and that, even if there were such a relationship, Plaintiff has failed to allege all of the elements necessary to state a VCPA claim.[4]  Dkt. 5 at 1-2.

To state a claim under the VCPA, a plaintiff "must allege (1) a fraud, (2) by a supplier, (3) in a consumer transaction."  Va. Code Ann. § 59.1-200(A); *Nahigian v. Juno Loudoun, LLC*, 684 F. Supp. 2d 731, 741 (E.D.Va. 2010).  "An allegation of a misrepresentation 'must include the elements of fraud: a false representation, of material fact, made intentionally and knowingly, with intent to mislead, reliance by the party misled, and resulting damage.'"  *Jefferson v. Briner Inc.*, No. 3:05-cv-652, 2006, WL 1720692, at *9 (E.D. Va. June 21, 2006) (internal citations omitted).

---

[4] Defendant GM spends much of its Reply arguing that Plaintiff cannot *prove* that there was an actual or apparent agency relationship between Defendant GM and Defendant Dealer.  Dkt. 22 at 2.  However, Plaintiff need only allege such a relationship.  Whether or not an agency relationship actually exists is a fact-specific inquiry that is better left for summary judgement.

A false representation must be on an existing fact, and a "mere promise to perform an act in the future is not, in a legal sense, a representation, and a failure to perform it does not change its character." *Nigh v. Koons Buick Pontiac GMC, Inc.,* 143 F. Supp. 2d 535, 554 (E.D. Va. 2001) (internal quotation marks and citation omitted) (holding that a "failure to fulfill [a] promise is a claim sounding in contract, not in the VCPA").

As a claim sounding in fraud, a VCPA claim must also satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *Wynn's Extended Care, Inc. v. Bradley*, 619 F. App'x 216, 220 (4th Cir. 2015). Therefore, Plaintiff is "required to state with particularity the circumstances constituting fraud or mistake," including "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Wynn's Extended Care, Inc.*, 619 F. App'x at 220 (quoting *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 219 (4th Cir. 2015)). Rule 9(b)'s particularity requirement applies to both intentional fraud claims and claims of negligent representation. Further, "[w]hen an agency relationship is allegedly part of the fraud, the circumstances constituting fraud on the part of the purported principal, which must be pled with particularity under Rule 9(b), include both the facts constituting the underlying fraud and the facts establishing the agency relationship." *Adams v. NVR Homes, Inc.*, 193 F.R.D. 243, 250 (D. Md. 2000) (citing *Kolbeck v. LIT America, Inc.*, 923 F.Supp. 557, 569 (S.D.N.Y.1996)).

As Plaintiff does not allege any misrepresentations made directly by Defendant GM to Plaintiff, Plaintiff's claim can proceed against Defendant GM only if Plaintiff has adequately alleged that an agent made misrepresentations on behalf of Defendant GM. In deciding whether an actual agency relationship exists, "[t]he power of [the alleged principal to] control is the determining factor in ascertaining the alleged agent's status." *Allen v. Lindstrom*, 237 Va. 489,

379 S.E.2d 450, 454 (1989).  At this stage in the proceedings, however, Plaintiff need not prove that an actual agency relationship exists; rather, he must allege sufficient facts of Defendant GM's right to control Defendant Dealer, that, if true, would establish an agency relationship.  *Jones v. Mutal of Omaha Ins. Co.*, 639 F. Supp. 3d 537, 552 (D. Md. 2022) (holding that at the motion to dismiss stage a plaintiff need only allege evidence of the principal's right to control the agent).

Here, Plaintiff does not sufficiently allege an actual agency relationship between Defendant GM and Defendant Dealer.  To support the existence of an actual agency relationship, Plaintiff points to various language in the Warranty and to conversations between Plaintiff and Defendant Dealer.  Plaintiff first highlights that language in the Warranty refers to a "GM authorized dealer," Dkt. 19 at 4-5, and that Defendant Dealer's Service Manager, David Lineham, stated that he was in communication with GM regarding whether damage to the vehicle's subframe would be covered under the Warranty.  *Id.* at 4-5.  Plaintiff also calls attention to a statement in the modified invoice that reads "removed and replaced the left side axle assembly only per GM." *Id.* at 5.

While Plaintiff argues that the above allegations are sufficient to plausibly allege that Defendant Dealer was an agent of Defendant GM, Plaintiff fails to specifically allege the parameters of this alleged agency relationship, which is insufficient to state a claim.  For example, in *Wheeler v. BMW of N. Am. LLC,* 534 F. Supp. 3d 527, 536 n. 2 (W.D.N.C. 2021), the court found that a plaintiff *had* sufficiently pleaded an agency relationship where the plaintiff alleged that "BMW controls the execution of all warranty repairs by its dealers, as it provides training, materials, special tools, diagnostic software, and replacement parts to its dealers, and demands that the warranty repairs be performed in strict accordance with its repair guidelines, Technical Service Bulletins, and other instructions.  In return, BMW pays its authorized dealerships monetary compensation for such warranty repairs." *Wheeler,* 534 F. Supp. 3d at 536 n.2.  Here, Plaintiff's

7

allegations provide no such particularity. Indeed, Plaintiff did not provide any specific allegations regarding Defendant GM's ability to control Defendant Dealer or any specific allegations that Defendant Dealer was acting in the interest of GM or how it was doing so. *Feeley v. Total Realty Mgmt.*, 660 F. Supp. 2d 700, 709 (E.D. Va. 2009) (holding that allegations that a principal exercised control over an agent and allegations that or how the agent was acting in the principal's interest are necessary "to meet the *Iqbal* standard of pleading . . ."). That Defendant GM may have been involved in the repairs process does not alone support the inference that it had the right to control Defendant Dealer. Thus, Plaintiff's allegations fall short of alleging facts that "constitute more than a mere possibility that an agency relationship existed between the parties." *Id.* As such, the Court finds that Plaintiff has not adequately pleaded that Defendant GM had actual authority over Defendant Dealer such that Defendant Dealer acted as Defendant GM's agent.

Seeking to avoid dismissal of Count II, Plaintiff argues that, even if Plaintiff has not successfully alleged an actual agency relationship, Plaintiff has pleaded sufficient facts to establish an apparent agency relationship. Dkt. 19 at 6-7. An apparent agency relationship exists where "a principal's actions [] would reasonably lead a third person to conclude that an agency exists, regardless of whether the principal and agent intended to establish an agency relationship." *Wynn's Extended Care, Inc.*, 619 Fed. Appx. at 218 (internal quotation marks and citation omitted). The Supreme Court of Virginia has never endorsed an apparent authority theory as a basis of tort liability. *Craddock v. A & E Moving & Storage, Inc.*, 82 Va. Cir. 491, 2011 WL 7492763 (Va. Cir. Ct. 2011). But even assuming, *arguendo*, that apparent authority is a viable ground for tort liability under Virginia law, Plaintiff's allegations are insufficient to establish an apparent agency relationship.

To support his theory of an apparent agency relationship, Plaintiff points to language in

8

the Warranty that states that "General Motors authorized dealers wish to participate in providing your satisfaction and invite you to come back to their service shops for all your service and maintenance needs . . . ." Dkt. 19 at 6. Plaintiff also highlights that the Warranty states that, "if an event or situation occurs where you are significantly inconvenienced, an authorized GM dealer can make the warranty repairs." *Id.* Plaintiff argues in his Opposition that these statements made "by GM, the principal, are indicative of Dealer, an authorized GM dealership, having agency authority to conduct repairs and other unspecified services." *Id.* But, without more, these allegations do not create a plausible inference that would reasonably lead a third person to conclude that an agency relationship exists. *Doll v. Ford Motor Co.*, 814 F. Supp. 2d 526, 540 (D. Md. 2011) (holding that allegations that a dealership is authorized by a car manufacturer are insufficient to suggest the existence of an agency relationship). Thus, Plaintiff has failed to allege an apparent agency relationship between Defendant GM and Defendant Dealer.

Accordingly, as Plaintiff has failed to adequately allege an actual agency or apparent agency relationship between Defendant GM and Defendant Dealer, the Court will dismiss Count II.[5]

IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant GM's Motion to Dismiss Count II (Dkt. 4) is GRANTED; and it is

FURTHER ORDERED that Count II of the Complaint is dismissed against Defendant GM WITHOUT PREJUDICE; and it is

---

[5] As the Court has concluded that Plaintiff has not adequately pleaded an agency relationship between Defendant GM and Defendant Dealer, the Court declines to further analyze whether Plaintiff's alleged misrepresentations satisfy the heightened pleading standard.

9

FURTHER ORDERED that, if Plaintiff seeks to amend the Complaint (Dkt. 1) as to Count II, he may file an Amended Complaint within thirty (30) days of this Memorandum Opinion and Order.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to counsel of record.

It is SO ORDERED.

Alexandria, Virginia
March 29, 2024

/s/<br>
Rossie D. Alston, Jr.<br>
United States District Judge